## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| GREGORY HARRIS, Individually on behalf of himself and Derivatively on behalf of Nominal Defendant NUANCE COMMUNICATIONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>ROBERT J. FINOCCHIO, ROBERT J. FRANKENBERG, WILLIAM H. JANEWAY, LAURA S. KAISER, MARK R. LARET, KATHARINE A. MARTIN, and PHILIP J. QUIGLEY,<br><br>Defendants,<br><br>v.<br><br>NUANCE COMMUNICATIONS, INC<br><br>Nominal Defendant. | Civil Action No. 1:18-cv-_____<br><br>**JURY TRIAL DEMANDED** |

### VERIFIED INDIVIDUAL AND SHAREHOLDER DERIVATIVE COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS AND BREACH OF FIDUCIARY DUTY

Plaintiff Gregory Harris ("Plaintiff"), on behalf of himself as a shareholder of Nuance Communications, Inc. ("Nuance" or the "Company"), brings this Individual and Shareholder Derivative Complaint (the "Complaint") against Nuance and the members of the board of directors of Nuance (the "Board" or the "Individual Defendants") for violating Section 14(a) of the Securities Exchange Act of 1934 (the "Exchance Act") and for breaching their fiduciary duties to Plaintiff and the Company. The allegations of the Complaint are based on the knowledge of Plaintiff as to himself, and on information and belief, including investigation of counsel and review of publicly available information, as to all other matters.

## **INTRODUCTION**

1. This action arises from material misstatements and/or omissions in proxy communications made to Nuance shareholders with respect to the Company's proposed amendments to the Amended and Restated 2000 Stock Plan (the "Amended 2000 Plan").

2. On January 26, 2018, Nuance filed with the U.S. Securities and Exchange Commission (the "SEC") a Definitive Proxy Statement on Schedule 14A (the "Proxy") which seeks shareholder approval for certain amendments and revisions to the Company's Amended and Restated 2000 Stock Plan. Specifically, Proposal Two of the Proxy seeks shareholder approval for, among other things, a 6,400,000 share increase authorized for issuance to participants in the Amended 2000 Plan ("Proposal Two"). The proposed share increase would raise the total amount of authorized shares for issuance from 75,850,000 to 82,250,000.

3. The Amended 2000 Plan applies to employees, directors and consultants of Nuance, as well as employees, directors and consultants of Nuance's parent and subsidiary companies. The Proxy discloses that awards "may be granted under the 2000 Plan to employees, directors and consultants (who may only be natural persons) of the Company and employes and consultants of any parent or subsidiary of the Company." Despite this disclosure, however, the Proxy is vague as to how many participants are in the Amended 2000 Plan.

4. SEC Rule 14a-3(a), 17 C.F.R. §240.14a-3, requires that public companies may not solicit shareholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A," 17 C.F.R. §240.14a-101. Item 10(a)(1) of Schedule 14A requires the following:

> Compensation Plans. If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:

      (a) Plans subject to security holder action.

          (1) Describe briefly the material features of the plan being acted upon, ***identify each class of persons who will be eligible to participate therein***, ***indicate the approximate number of persons in each such class, and state the basis of such participation***. (emphasis added).

5.    With regard to Proposal Two, Nuance has failed to comply with this rule which is currently scheduled for a shareholder vote at the Nuance February 28, 2018 annual stockholders meeting (the "Annual Meeting").

6.    In addition to violating federal securities laws, the Individual Defendants' acts and omissions have also caused harm to the Company. Under Delaware law, as members of the board of directors of the Company, the Individual Defendants owe a fiduciary duty of loyalty, including good faith and full and fair disclosure, to the Company. Each of the members of the Board have breached those duties.

7.    Injunctive relief is required to prevent Plaintiff from being forced to vote on Proposal Two based on the materially incomplete Proxy until the information required by Item 10(a)(1) with regard to this Amended 2000 Plan is provided to shareholders.

## JURISDICTION AND VENUE

8.    The claims asserted herein arise from the false or misleading Proxy and breach of fiduciary duty.

9.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as this Complaint alleges violations of §14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder. This Court has supplemental jurisdiction over the state law claims herein pursuant to 28 U.S.C. § 1367(a).

10. This action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have. Venue is proper in this district pursuant to Section 27 of the Exchange Act and 28 U.S.C. §§1391(b) and (c) because Nominal Defendant Nuance is incorporated in this District.

**PARTIES**

11. Plaintiff has been a beneficial owner of Nuance common stock since 2007 and is entitled to vote at the upcoming Annual Meeting.

12. Nominal Defendant Nuance is a provider of voice recognition and natural language understanding solutions. The Company offers its customers high accuracy in automated speech recognition, capabilities for natural language understanding ("NLU"), dialog and information management, biometric speaker authentication, text-to-speech, optical character recognition ("OCR") capabilities, and domain knowledge, along with professional services and implementation support. Nuance is organized into four segments: Healthcare, Mobile, Enterprise and Imaging. Nuance is incorporated in Delaware and maintains its principal executive offices at 1 Wayside Road, Burlington, Massachusetts 01803. Nuance's common stock trades on the NASDAQ Stock Exchange under the tocker symbol "NUAN".

13. Defendant Robert J. Finocchio has been a director of the Company since 2015.

14. Defendant Robert J. Frankenberg has been a director of the Company since 2000.

15. Defendant William Janeway has been a director of the Company since 2004.

16. Defendant Laura Kaiser has been a director of the Company since 2017.

17. Defendant Mark R. Laret has been a director of the Company since 2010.

18. Defendant Katherine A. Martin has been a director of the Company since 1999.

19. Defendant Philip J. Quigley has been a director of the Company since 2005.

20. Collectively, the Defendants listed above in paragraphs 13 – 19 shall be referred to as the "Board" or the "Individual Defendants".

### RELEVANT NONPARTIES

21. Sanjay Vaswani has been a director of Nuance since February 1, 2018.

### SUBSTANTIVE ALLEGATIONS

22. Nuance has scheduled the Annual Meeting of shareholders for February 28, 2018. On January 26, 2018, the Company issued the Proxy to shareholders in oder to solicit their proxies for five (5) proposals and to transact other business that may properly come before the Annual Meeting.

23. Proposal Two requests that the shareholers approve the Amended 2000 Plan, including 6,400,000 newly authorized shares of common stock, which Nuance will be able to grant to participants in the Amended 2000 Plan after the stockholder vote. But this proposal fails to provide sufficient – and federally required – information for Nuance stockholders to understand how many participants there are in the plan or why they are eligible for such shares.

24. Because Proposal Two concerns a shareholder vote on a compensation plan, the SEC's rules and regulations require the Proxy to disclose certain information concerning the Amended 2000 Plan. Specifically, Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101 states:

> Compensation Plans. If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> (a) Plans subject to security holder action.
>
> (1) Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, ***indicate the approximate number of persons in each such class***, and state the basis of such participation. (emphasis added).

The Proxy issued to shareholders omits these disclosures.

25. Instead of providing the "approximate number of persons in each such class, and . . . the basis of such participation," Proposal Two only tells shareholders the following about who will receive these awards:

> *Eligibility*
>
> Nonstatutory stock options, stock purchase rights (i.e., awards of restricted stock), restricted stock units and stock appreciation rights may be granted under the 2000 Plan to employees, directors and consultants (who may only be natural persons) of the Company and employees and consultants of any parent or subsidiary of the Company. Incentive stock options may be granted only to employees. The Administrator, in its discretion, selects the employees, directors and consultants to whom Awards may be granted, the time or times at which such Awards will be granted, and the exercise price and number of shares subject to each such grant; provided, however, the exercise price of a stock option and a stock appreciation right may not be less than 100% of the fair market value of the Common Stock on the date such Award is granted.

26. Nowhere in the Proxy does Nuance disclose the number of "employees, directors and consultants" of Nuance and nowhere does Nuance state the basis of their participation. Thus, it is entirely unclear from the Proxy how many participants will be awarded the 6,400,000 newly authorized shares of common stock that shareholders are being asked to approve or the basis of their receipt of such awards.

27. This contravention of the SEC rules renders the Proxy unlawful under §14(a) of the Exchange Act.

28. As a result of these actions, Plaintiff and Nuance will be injured. The Company and Plaintiff have no adequate remedy at law. Plaintiff and the Company will suffer irreparable harm on Proposal Two if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the Amended 2000 Plan allows for 6,400,000 new shares to be

6

granted to an unknown number of "Employees, directors and consultants" of Nuance immediately after this vote and then immediately vest. Unwinding these awards will be impossible.

## DERIVATIVE AND DEMAND ALLEGATIONS

29. Plaintiff brings this action derivatively in the right and for the benefit of Nuance to redress the Board's derivative violations of federal securities laws and breach of fiduciary duty.

30. Plaintiff will adequately and fairly represent the interests of the Company and its shareholders in enforcing and prosecuting its rights.

31. As a result of the facts set forth herein and the planned upcoming February 28, 2018 Annual Meeting, Plaintiff has not made a demand on the Board to institute this action against the Board. Demand is excused where, as here, the uninformed votes on Proposal Two will cause irreparable harm and the Company is currently in violation of federal securities laws as a result of the Board's conduct in approving and authorizing the filing of the Proxy, causing immediate irreparable harm to the Company.

## CLAIMS FOR RELIEF

### COUNT I

**(Individual and Derivative Claim Against the Individual Defendants For Violations of Section 14(a) of the Exchange Act)**

32. Plaintiff repeats and re-alleges each and every allegation above as if set forth in full herein.

33. Plaintiff brings this claim individually for himself and derivatively on behalf of Nuance.

34. The allegations contained herein state a claim for relief against the Individual Defendants under Section 14(a) of the Exchange Act for acting in contravention of the "rules and regulations" prescribed by the SEC.

35. The Individual Defendants, jointly and severally, solicited and/or permitted use of their names in solicitations contained in the Proxy. Nuance issued the Proxy. The Individual Defendants signed the Proxy.

36. Plaintiff and the Company have suffered and will continue to suffer irreparable harm if the misleading and omitted information in the Proxy is not corrected sufficiently in advance of the Annual Meeting to enable the Proxy to contain all material information.

37. To mitigate the injury, injunctive relief is required in the form of an amended proxy statement that provides the information required by Item 10(a)(1) with regard to Proposal Two.

## COUNT II

**(Individual and Derivative Claim Against the Individual Defendants For Breach of Fiduciary Duty)**

38. Plaintiff repeats and re-alleges each and every allegation above as if set forth in full herein.

39. The Individual Defendants owe Plaintiff and Nuance a fiduciary duty that requires candid, full and accurate disclosure of all information that is material to the decisions confronting Nuance's stockholders at the Annual Meeting.

40. As explained above, the Individual Defendants have breached their fiduciary duty by filing the Proxy and making the materially false and misleading statements contained therein. The failure to fully and fairly disclose all material information in the Proxy will prevent Plaintiff and the Company from making an adequately informed decision at the Annual Meeting regarding whether to approve the Amended 2000 Plan.

41. Unless the vote on Proposal Two at the Annual Meeting is enjoined by the Court, the Individual Defendants will continue to breach their fiduciary duties to Plaintiff and the Company.

42. Plaintiff and the Company have suffered and will continue to suffer irreparable harm if the misleading and omitted information in the Proxy is not corrected sufficiently in advance of the Annual Meeting to enable the Proxy to contain all material information.

43. As a result, Plaintiff and the Company are being, and will continue to be, harmed irreparably.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the following relief:

A. Enjoining the Annual Meeting unless and until the Individual Defendants cure the materially incomplete and misleading Proxy;

B. Granting appropriate injunctive relief to remedy the Individual Defendants' violations of federal securities laws and breach of fiduciary duty;

C. Enjoining the Annual Meeting requiring the Individual Defendants' to furnish a supplemental proxy statement with the information required by 17 C.F.R. §240.14a-101, Item 10(a)(1).

D. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees, costs and expenses; and

E. Awarding Plaintiff such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 14, 2018                          **ANDREWS & SPRINGER, LLC**

                                                           By: */s/ Craig J. Springer*
Peter B. Andrews (# 4623)
Craig J. Springer (# 5529)
David M. Sborz (# 6203)
3801 Kennett Pike
Building C, Suite 305
Wilmington, DE 19807
(302) 504-4957

*Counsel for Plaintiff*